1   Stephen D. Hibbard (State Bar No. 177865)
    sdhibbard@jonesday.com
2   Matthew J. Silveira (State Bar No. 264250)
    msilveira@jonesday.com
3   Dennis F. Murphy, Jr. (State Bar No. 301008)
    dennismurphy@jonesday.com
4   JONES DAY
    555 California Street, 26th Floor
5   San Francisco, CA  94104
    Telephone:    +1.415.626.3939
6   Facsimile:    +1.415.875.5700

7   Attorneys for Defendants
    HDR GLOBAL TRADING LIMITED and ABS
8   GLOBAL TRADING LIMITED

9   Peter I. Altman (State Bar No. 285292)
    paltman@akingump.com
10  Marshall L. Baker (State Bar No. 300987)
    mbaker@akingump.com
11  Jessica H. Ro (State Bar No. 329737)
    jro@akingump.com
12  AKIN GUMP STRAUSS HAUER & FELD LLP
    1999 Avenue of the Stars, Suite 600
13  Los Angeles, CA  90067-6022
    Phone: (310) 229-1000

14
    Attorneys for Defendant
15  ARTHUR HAYES

    Douglas K. Yatter (State Bar No. 236089)
    douglas.yatter@lw.com
    LATHAM & WATKINS, LLP
    1271 Avenue of the Americas
    New York, NY 10020
    Phone: (212) 906-1200

    Matthew Rawlinson (State Bar No. 231890)
    matt.rawlinson@lw.com
    LATHAM & WATKINS, LLP
    140 Scott Drive
    Menlo Park, CA
    Phone: (650) 328-4600

    Attorneys for Defendant
    SAMUEL REED

16

17                    **UNITED STATES DISTRICT COURT**

18                  **NORTHERN DISTRICT OF CALIFORNIA**

19                       **SAN FRANCISCO DIVISION**

20

21  ANATOLY SOROKIN,                        Case No. 3:21-cv-03576-WHO

22              Plaintiff,                   **ADMINISTRATIVE MOTION**
                                             **REQUESTING AN ORDER**
23        v.                                 **REQUIRING THE FILING OF**
                                             **PLAINTIFF'S SECOND AMENDED**
24  HDR GLOBAL TRADING LIMITED (d/b/a        **COMPLAINT OR, IN THE**
    BitMEX); ABS GLOBAL TRADING              **ALTERNATIVE, RELIEVING**
    LIMITED; ARTHUR HAYES; and               **DEFENDANTS OF THEIR**
25  SAMUEL REED,                             **OBLIGATION, OR ENLARGING**
                                             **THEIR TIME, TO RESPOND TO**
26              Defendants.                  **PLAINTIFF'S FIRST AMENDED**
                                             **COMPLAINT**
27

28

1    Pursuant to Civil Local Rules 7-11 and 6-3, Defendants HDR Global Trading Limited,

2    ABS Global Trading Limited, Arthur Hayes, and Samuel Reed (together, "Defendants") move for

3    an order (1) requiring Plaintiff to file a Second Amended Complaint ("SAC") by November 12,

4    2021 or, in the alternative, (2) relieving Defendants of their obligation, or enlarging their time, to

5    respond to the First Amended Complaint ("FAC").  This relief is necessary because Plaintiff has

6    admitted he does not intend to stand on the FAC.  Rather, Plaintiff has sent Defendants several

7    iterations of a proposed SAC that, among other amendments, corrects false statements of material

8    fact in the FAC.  Yet Plaintiff refuses to exercise his right to amend under Federal Rule of Civil

9    Procedure 15(a)(1), and has instead stated that he will seek leave both to file an incomplete errata

10   to the FAC and also to amend his complaint under Rule 15(a)(2), further delaying this case.

11       Because Defendants' response to the FAC is due on November 12, 2021, Defendants seek

12   an order that will prevent the needless expenditure of resources and multiplication of proceedings

13   that would result from Defendants being required to respond to the FAC that Plaintiff disavows or

14   a SAC that Plaintiff could moot by filing yet another amendment.  Specifically, Defendants ask

15   the Court for an order requiring the filing of the SAC, according to the time periods and page

16   limits previously ordered, while prohibiting Plaintiff from thereafter further amending or seeking

17   leave to amend the complaint before the Court rules on Defendants' forthcoming motion to

18   dismiss the SAC.  Alternatively, relieving Defendants of their obligation, or enlarging their time,

19   to respond to the FAC will allow for compliance with the 21-day safe harbor applying to the Rule

20   11 motion that Defendants will shortly tender and thus give Plaintiff an opportunity to withdraw

21   the FAC by filing the SAC unilaterally before Defendants are authorized to file a Rule 11 motion.

22   **I.     BACKGROUND**

23       Plaintiff filed this action on May 12, 2021.  Dkt. 1.  On August 18, 2021, this Court

24   ordered the present action related to *BMA LLC v. HDR Global Trading Limited, et al.*, 3:20-cv-

25   03345-WHO ("*BMA*"), a prior action filed by Plaintiff's counsel against overlapping defendants.

26   Dkt. 18.  On September 3, 2021, the Court entered the parties' stipulation providing Plaintiff 30

27   days after entry of the Court's order on the then-pending motion to dismiss in *BMA* to amend the

28   complaint in this case, and established a briefing schedule and page limits for Defendants' motion

1    to dismiss that prospective complaint.  Dkt. 21.  On September 7, 2021, the Court granted the

2    motion to dismiss in *BMA* with prejudice, *BMA*, Dkt. 186, and on October 7, 2021, Plaintiff filed

3    his FAC as required by the stipulation.  Dkt. 22.

4         The very next day Plaintiff's counsel wrote that he wanted Defendants' consent to his

5    revising the FAC, attaching a proposed "notice of errata" with four revisions, and stating that "we

6    do not want to file a new complaint as this will convey a wrong impression on the Judge."

7    Hibbard Decl. Ex. 1.  As set forth in more detail in the Hibbard Declaration, between October 8

8    and October 28, Plaintiff's counsel sent Defendants' counsel three "errata" sheets, with an

9    increasing number of revisions in each, and five versions of a "corrected" FAC, culminating in an

10   October 28, 2021 proposed SAC that significantly revises Plaintiff's core allegations of injury

11   and adds seven pages of new allegations.  *Id.* ¶¶ 2-14.

12        As the proposed SACs' revisions demonstrate, statements in the operative FAC are false,

13   and Defendants have asked Plaintiff's counsel to amend, as is Plaintiff's right under Rule 15(a)(1)

14   and as is Plaintiff's counsel's ethical obligation.  Plaintiff's counsel has not disputed that the FAC

15   contains false statements of material fact, yet he has refused to amend the FAC, contending that it

16   is his "firm['s] policy" to require written consent from all Defendants before amending.  Hibbard

17   Decl. ¶ 14.[1]  In an effort to avoid the need for Court intervention, Defendants offered to stipulate

18   to Plaintiff filing a SAC with all of Plaintiff's revisions proposed to date, so long as Plaintiff

19   agreed not to seek to amend yet again prior to the Court's ruling on Defendants' motion to

20   dismiss the SAC.  Plaintiff's counsel rejected this term of the stipulation, *id.* ¶ 18, which

21   suggests—as Plaintiffs' counsel has done multiple times before—that he plans to avoid a Court

22   ruling and moot Defendants' forthcoming motion to dismiss by invoking Rule 15(a)(1) to amend

23   the complaint yet again, once the motion to dismiss is filed, *id.* ¶ 16.  And in a non sequitur

24   response to Defendants' request to extend their time to respond to the FAC, Plaintiff asked

25   whether Defendants would oppose an administrative motion seeking leave to file an incomplete

26

27        [1] In fact, Plaintiff's counsel has amended complaints filed against Defendants in five other
     actions without seeking or requiring Defendants' consent, including in the related *BMA* case this
     Court recently dismissed with prejudice.  Hibbard Decl. ¶ 16.  And of course no "firm policy" can
28   trump a lawyer's professional ethical obligations.

1    errata to the FAC and a noticed motion for leave to amend under Rule 15(a)(2).  *Id.* Exs. 4–5.  In

2    short, notwithstanding the multiple iterations that the complaint has gone through, Plaintiff is

3    trying to preserve his right to amend once under Rule 15(a)(1) by refusing to amend unilaterally

4    the FAC that he knows is false in material respects and no longer intends to stand by, at least not

5    until Defendants have incurred the time and expense required to prepare a motion to dismiss the

6    FAC that Plaintiff could then moot.

7            As for the falsity of allegations in the FAC, a comparison of the FAC to Plaintiff's most

8    recent proposed SAC reveals that factual allegations in the FAC that Plaintiff's counsel knows to

9    be false (*yet left unaddressed by his proposed errata*) include allegations regarding the nature of

10   the contracts on which Plaintiff claims to have sustained losses.  For example, the FAC alleges:

11
               Plaintiff traded Defendants' bitcoin perpetual swaps on July 11, 2019 and
12             suffered trading loss of 1.81027681 bitcoins on that day, when his
               XBTUSD perpetual swap short contract was wrongfully liquidated.  This
13             loss was suffered as a result of the forfeiture of the short swap contract
               purchase 'cost', paid by Plaintiff at the time of contract purchase, in the
14             amount of 1.81027681 bitcoins, when this swap contract was wrongfully
               liquidated by Defendants as alleged above.
15
     Dkt. 22 ¶ 58.  In his most recent proposed SAC, Plaintiff alleges instead:
16
17             [O]n or about July 5, 2019, Plaintiff purchased from Defendants XBTUSD
               long swap contract and paid at least 0.78896761 bitcoins to Defendants as
18             the swap contract purchase 'cost'.  Moreover, on or about July 5, 2019,
               Plaintiff purchased ETHUSD long swap contract and paid at least
19             1.0213092 bitcoins as the swap contract purchase 'cost'. . . .  On or about
               July 11, 2019, Plaintiff's both XBTUSD and ETHUSD swap contracts were
20             wrongfully liquidated or otherwise closed.

21   Hibbard Decl. Ex. 3 ¶¶ 118-19; *see also id.* Ex. 2 (alerting Plaintiff's counsel to misstatements).

22           Thus, the proposed SAC drafted by Plaintiff's counsel asserts that (1) Plaintiff traded two

23   contracts—one XBTUSD "swap contract" costing 0.78896761 bitcoins and one ETHUSD "swap

24   contract" costing 1.0213092 bitcoins—not one XBTUSD contract costing 1.81027681 bitcoins as

25   the FAC alleges; (2) the contracts were "long" (i.e., Plaintiff was betting the price of bitcoin and

26   ether would rise) not "short" (i.e., Plaintiff was betting the price of bitcoin would fall) as the FAC

27   alleges; and (3) the contracts "were wrongfully liquidated *or otherwise closed*" not "wrongfully

28   liquidated by Defendants" as the FAC alleges.  These alleged facts, all of which are within

CASE NO. 3:21-cv-03576-WHO
ADMINISTRATIVE MOTION RE: PL.'S COMPL.

1    Plaintiff's possession and which Plaintiff's counsel has had ample opportunity to investigate, are

2    material.  The type of derivative contracts traded, the cryptocurrencies underlying the contracts,

3    and whether Plaintiff's positions were liquidated by Defendants or were "otherwise closed" are

4    critical both (a) to Plaintiff's claims that Defendants hunted his positions for liquidation and

5    fraudulently induced him to trade with a representation about Bitcoin/USD liquidity and (b) to

6    Defendants' ability to respond to those claims.[2]  Requiring Defendants to respond to a complaint

7    that is false in these and other respects can serve no purpose other than to multiply proceedings.

8    **II.       DISCUSSION AND REQUEST FOR RELIEF**

9            Plaintiff's counsel's litigation tactics are improper.  Not only should Plaintiff forbear from

10   forcing a response to a complaint which he already intends to amend extensively, but also his

11   counsel independently has an obligation to correct the false statements of material fact in the

12   FAC.  *See* Cal. R. of Pro. Conduct 3.3(a)(1).

13          Moreover, Plaintiff has the ability to meet this obligation by amending the complaint as a

14   matter of course.  Because Defendants consented to the filing of the FAC, Plaintiff retains his one

15   right to amend under Rule 15(a)(1).  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002,

16   1008 (9th Cir. 2015) ("[A] plaintiff may file his first amended complaint with consent from the

17   opposing party, which satisfies Rule 15(a)(2).  He may thereafter utilize his one matter of course

18   amendment under 15(a)(1), so long as he files it timely.").  And the passage of 21 days since he

19   served the FAC does not prevent amendment under Rule 15(a)(1) before Defendants respond to

20   the FAC.  *See Swanigan v. Cty. of Chi.*, 775 F.3d 953, 963 (7th Cir. 2015) (plaintiff retained right

21   to amend as a matter of course even though more than 21 days had passed since service and no

22   responsive pleading had yet been filed); *Hunt v. Lewis*, 18-CV-2130, 2021 WL 3140733, at *2

23   (E.D. Cal. July 26, 2021) ("Since defendant has not yet filed a responsive pleading, plaintiff is

24   still within the time provided to file an amended complaint as a matter of course.").[3]

25

26          [2] That material allegations in the FAC are false is evident from Plaintiff's proposed SAC
     amendments.  By pointing out inherent contradictions in Plaintiff's pleadings, Defendants do not,
     however, admit that allegations in the proposed SAC are true, and Defendants reserve their rights
27   to seek relief should Plaintiff file any complaint that contains false allegations of material fact.

28          [3] Rule 15(a)(1)(A) permits amendment as a matter of course within "21 days after
     serving" the complaint, whereas Rule 15(a)(1)(B) permits amendment "21 days after service of a

1    No productive purpose would be served by requiring Defendants to respond to the FAC,

2  which Plaintiff's counsel does not dispute is false in material respects and which Plaintiff already

3  intends to amend as demonstrated by Plaintiff's counsel's admission that he intends to file a

4  noticed motion for leave to amend.  Hibbard Decl. Ex. 5.  Thus, Defendants ask the Court (1) to

5  order Plaintiff to file a SAC on or before November 12, (2) to reset the briefing schedule so that

6  Defendants have the full 35 days to evaluate Plaintiff's SAC and file their motion to dismiss (as

7  provided in the previous stipulation governing the FAC that the Court entered), and (3) to order

8  that Plaintiff refrain from further amending or seeking leave to amend before the Court rules on

9  Defendants' forthcoming motion to dismiss the SAC.  Otherwise, Defendants anticipate that

10  Plaintiff will invoke Rule 15(a)(1) to moot Defendants' forthcoming motion to dismiss as has

11  been Plaintiff's routine practice.  *See* Hibbard Decl. ¶ 16.

12    Alternatively, Defendants are prepared to seek Rule 11 sanctions.  However, because

13  Plaintiff did not commit until the end of October to his refusal to file a SAC either under Rule

14  15(a)(1) or pursuant to a stipulation that prevents him from mooting Defendants' forthcoming

15  motion to dismiss, Defendants' deadline for responding to the FAC (November 12, 2021) will fall

16  before Rule 11's 21-day safe harbor expires.  Defendants therefore request that the Court relieve

17  them of their obligation, or provide them an additional three weeks, to respond to the FAC.

18  During that time, Defendants will be able to start the safe harbor period and Plaintiff will have a

19  final opportunity to amend his complaint under Rule 15(a)(1) without the parties burdening this

20  Court with a Rule 11 motion.[4]

21

22  responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is
earlier."  The case law uniformly recognizes that failure to amend within 21 days of service does
not prevent a plaintiff from amending under Rule 15(a)(1) even if the defendant has not yet

23  served a responsive pleading or Rule 12 motion.  *See also Doe #1 v. Syracuse Univ.*, 335 F.R.D.
356, 359 (N.D.N.Y. 2020) (holding "there is no 'time gap' during which a party cannot amend as

24  a matter of course when no responsive pleading or motion under 12(b), (e), or (f) has been filed,"
and collecting cases to same effect); 6 Charles Alan Wright et al., Fed. Prac. & Proc., § 1480 (3d

25  ed. 2010) ("[I]f the time for serving the responsive pleading is extended by a motion ... or by
stipulation, the period for amending as of right also may be enlarged.").

26    [4] To be clear, moving for leave to amend would not constitute effective withdrawal of the
FAC for purposes of the Rule 11 safe harbor because, unlike in *Sneller v. Cty. of Bainbridge*

27  *Island*, 606 F.3d 636, 639 (9th Cir. 2010), a Rule 15(a)(2) motion is not "the only procedure
available under the rules to withdraw" the false statements in the FAC here.  As explained above,

28  Plaintiff may unilaterally withdraw those false statements by amending under Rule 15(a)(1).

CASE NO. 3:21-cv-03576-WHO
ADMINISTRATIVE MOTION RE: PL.'S COMPL.

1

2   Dated: November 3, 2021                    Respectfully submitted,

3                                              JONES DAY

4

5                                              By: /s/ Stephen D. Hibbard
                                                   Stephen D. Hibbard

6                                              Counsel for Defendants
                                               HDR GLOBAL TRADING LIMITED and
7                                              ABS GLOBAL TRADING LIMITED

8
                                               AKIN GUMP STRAUSS HAUER & FELD
9                                              LLP

10

11                                             By: /s/ Peter I. Altman
                                                   Peter I. Altman
12
                                               Counsel for Defendant
13                                             ARTHUR HAYES

14
                                               LATHAM & WATKINS, LLP
15

16

17                                             By: /s/ Douglas K. Yatter
                                                   Douglas K. Yatter
                                                   Matthew Rawlinson
18
                                               Counsel for Defendant
19                                             SAMUEL REED

20

21

22

23

24

25

26

27

28

1    I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file

2  this ADMINISTRATIVE MOTION REQUESTING AN ORDER REQUIRING THE FILING

3  OF PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT OR, IN THE

4  ALTERNATIVE, RELIEVING DEFENDANTS OF THEIR OBLIGATION, OR ENLARGING

5  THEIR TIME, TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT.  In

6  compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

7  DATED:  November 3, 2021

8                                                                 */s/ Stephen D. Hibbard*
                                                                    STEPHEN D. HIBBARD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:21-cv-03576-WHO
ADMINISTRATIVE MOTION RE: PL.'S COMPL.