| | |
|---|---|
| Stephen D. Hibbard (State Bar No. 177865) <br> sdhibbard@jonesday.com <br> Matthew J. Silveira (State Bar No. 264250) <br> msilveira@jonesday.com <br> Dennis F. Murphy, Jr. (State Bar No. 301008) <br> dennismurphy@jonesday.com <br> JONES DAY <br> 555 California Street, 26th Floor <br> San Francisco, CA  94104 <br> Telephone:    +1.415.626.3939 <br> Facsimile:     +1.415.875.5700 <br><br> Attorneys for Defendants <br> HDR GLOBAL TRADING LIMITED and ABS GLOBAL TRADING LIMITED | Douglas K. Yatter (State Bar No. 236089) <br> douglas.yatter@lw.com <br> LATHAM & WATKINS, LLP <br> 1271 Avenue of the Americas <br> New York, NY 10020 <br> Phone: (212) 906-1200 <br><br> Matthew Rawlinson (State Bar No. 231890) <br> matt.rawlinson@lw.com <br> LATHAM & WATKINS, LLP <br> 140 Scott Drive <br> Menlo Park, CA <br> Phone: (650) 328-4600 <br><br> Attorneys for Defendant <br> SAMUEL REED |

Peter I. Altman (State Bar No. 285292)
paltman@akingump.com
Marshall L. Baker (State Bar No. 300987)
mbaker@akingump.com
Jessica H. Ro (State Bar No. 329737)
jro@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067-6022
Phone: (310) 229-1000

Attorneys for Defendant
ARTHUR HAYES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANATOLY SOROKIN, <br><br> Plaintiff, <br><br> v. <br><br> HDR GLOBAL TRADING LIMITED (d/b/a BitMEX); ABS GLOBAL TRADING LIMITED; ARTHUR HAYES; and SAMUEL REED, <br><br> Defendants. | Case No. 3:21-cv-03576-WHO <br><br> **DECLARATION OF STEPHEN D. HIBBARD IN SUPPORT OF ADMINISTRATIVE MOTION REQUESTING AN ORDER REQUIRING THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, RELIEVING DEFENDANTS OF THEIR OBLIGATION, OR ENLARGING THEIR TIME, TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

I, Stephen D. Hibbard, declare as follows:

1. I am an attorney with the law firm of Jones Day, attorneys of record for Defendants HDR Global Trading Limited ("HDR") and ABS Global Trading Limited ("ABS"). I am licensed to practice law in the State of California. I make this declaration in support of Defendants' Administrative Motion Requesting an Order Requiring the Filing of Plaintiff's Second Amended Complaint ("SAC") or, in the Alternative, Relieving Defendants of Their Obligation, or Enlarging Their Time, to Respond to Plaintiff's First Amended Complaint ("FAC"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. On October 8, 2021, the day after Plaintiff was ordered by the Court to file his FAC, Plaintiff's counsel Pavel Pogodin emailed Defendants' counsel with three different revisions (in four places) to the FAC. That same day, I asked Plaintiff's counsel to file a corrected amended complaint as soon as possible so that the pleading on file with the Court would itself contain the corrected allegations. Plaintiff's counsel responded with a proposed "notice of errata" and stated "we do not want to file a new complaint as this will convey a wrong impression on the Judge." Attached as **Exhibit 1** is a true and correct copy of this email chain between Plaintiff's counsel and Defendants' counsel, including Plaintiff's draft errata.

3. On October 9, Plaintiff's counsel sent Defendants' counsel an updated errata with additional proposed revisions to the FAC.

4. On October 11, Plaintiff's counsel sent another updated errata with more proposed revisions to the FAC.

5. On October 12, given the number of proposed revisions to the FAC, I again asked Plaintiff's counsel to promptly file a corrected complaint. Plaintiff's counsel then said he would file an amended complaint if Defendants stipulated to it.

6. On October 14, Plaintiff's counsel sent a draft of the "corrected" FAC with additional proposed revisions. That same day, Plaintiff's counsel sent another revised version of the "corrected" FAC. Later that day, Plaintiff's counsel sent his third draft of the corrected FAC with yet more revisions that significantly changed the FAC filed on October 7.

7.      On October 20, after reviewing all of Plaintiff's proposed revisions and waiting to see if additional revisions would surface, I wrote Plaintiff's counsel that Defendants would accept all the proposed revisions and stipulate to the filing of the latest complaint sent on October 14 as the "Second" Amended Complaint.

8.      On October 22, I sent a draft stipulation to Plaintiff's counsel outlining the parties' agreement regarding the proposed SAC and restarting the briefing schedule previously agreed to and entered by the Court (*see* Dkt. 21).  Defendants sought to proceed by stipulation and [proposed] order since the parties were seeking to reset a schedule previously ordered by the Court, and to commit Plaintiff to filing the proposed SAC previously sent to Defendants' counsel on a particular date and time rather than have Plaintiff continue to revise his allegations.

9.      On October 23, Plaintiff's counsel emailed Defendants' counsel twice with proposed revisions to Defendants' stipulation.  First, Plaintiff refused to restart the briefing schedule and instead offered Defendants three extra days to file their motion to dismiss the proposed SAC (extending the current deadline of November 12 to respond to the FAC to November 15 to respond to the proposed SAC).  Second, Plaintiff cut Defendants' reply deadline from 21 days to 15 days following the filing of Plaintiff's opposition, and reduced Defendants' reply page limit from 20 pages to 15 pages, despite the Court having already ordered both the time period and page limits for briefing of a motion to dismiss (*see* Dkt. 21).  Third, Plaintiff proposed to characterize his revisions as "four minor typographical errors in the FAC" despite making dozens of changes over the course of several versions of the proposed SAC sent to Defendants' counsel.  Finally, Plaintiff added language to the draft stipulation that, in addition to opposing a motion to dismiss, explicitly provided that Plaintiff may "otherwise respond to" Defendants' motion to dismiss.

10.     As an alternative, Plaintiff's counsel sought to extract an advantage in separate litigation as a condition of agreeing to terms of a stipulation here.  Plaintiff's counsel offered to stipulate to restarting the briefing schedule if Defendants agreed to stipulate to extend time in a case pending in state court, which (1) was the first time Plaintiff's counsel had requested a stipulation in that case, and (2) does not involve Plaintiff or even all of the same defendants.

11. On October 24, Plaintiff's counsel asserted that Plaintiff "will [] fil[e] whatever amended complaint Plaintiff wants to file" if Defendants chose this "alternative" option, not simply the version previously sent to Defendants' counsel on October 14, thus continuing Plaintiff's counsel's pattern of not committing to a set of allegations and continually revising a complaint to which Defendants may ultimately need to respond.

12. On October 25, the parties met and conferred via telephone to discuss this issue, among others. During that call, I stated that Defendants intended to file an administrative motion to set the pleadings and briefing schedule if Plaintiff's counsel did not conclude the stipulation proposed by Defendants. Plaintiff's counsel reiterated that he would not agree to restarting the briefing schedule unless Defendants agreed to a stipulation in another case pending in state court. I explained that Defendants would not negotiate across cases, especially where the parties (both plaintiffs and defendants) are not the same. Plaintiff's counsel refused to stipulate.

13. Following the October 25 call, Plaintiff's counsel sent another revised version of Defendants' proposed stipulation extending Defendants' time to respond to Plaintiff's proposed SAC until November 29—the Monday after Thanksgiving—but retained Plaintiff's language allowing Plaintiff to "otherwise respond to" Defendants' anticipated motion to dismiss. On October 27, I rejected these revisions as they altered the prior terms about timing already agreed to by the parties and ordered by the Court. I also reiterated that Plaintiff's counsel should promptly file the proposed SAC under Rule 15(a)(1)(A), as the 21-day grace period would soon end and Plaintiff's proposed edits demonstrated that allegations in the filed FAC "lack evidentiary support," including "paragraph 58 and 59 of the first amended complaint," which "materially misstate the nature of the contracts allegedly traded." Attached as **Exhibit 2** is a true and correct copy of this email chain between Plaintiff's counsel and Defendants' counsel.

14. On October 28, at 12:29 a.m. Pacific time, Plaintiff's counsel sent a further revised proposed SAC, identified as an October 27, 2021 version, that significantly revises Plaintiff's core allegations of injury and adds seven pages of new allegations. At 12:52 a.m., Plaintiff's counsel sent another revised version of the SAC. I responded by suggesting Plaintiff's counsel file whatever proposed SAC he would like that day—October 28—pursuant to Rule 15(a)(1)(A).

Plaintiff's counsel claimed in response that written consent of all Defendants is "necessary." I asked why Plaintiff's counsel was refusing to proceed under Rule 15(a)(1)(A) and what basis Plaintiff had to claim consent to amend is required. Plaintiff's counsel's only response was, "It is our firm policy to obtain all parties consent in these circumstances."

15. I am not aware of Pavel Pogodin's law firm, Consensus Law, having any partners (or even attorneys) other than him. I noted that Plaintiff's counsel has an ethical obligation to correct the false statements of material fact in the FAC and that Plaintiff had the ability under Rule 15(a)(1)(A) to do so immediately without Defendants' consent.

16. Plaintiff's counsel has amended complaints filed against Defendants in five other actions without seeking or requiring Defendants' consent, including in the related *BMA* case that this Court recently dismissed with prejudice.[1] Moreover, in five instances, Plaintiff's counsel has responded to pending motions to dismiss or demurrers by filing an amended complaint to moot the motions to dismiss or demurrers, thus needlessly imposing substantial litigation costs on the relevant defendants. (And in two other instances excluding this case, Plaintiff's counsel has sought to file a substantially amended complaint to moot motion to dismiss or demurrer briefing in process.)

17. Attached as **Exhibit 3** is a true and correct copy of relevant excerpts from the most recent "redline" of the proposed SAC sent by Plaintiff's counsel to Defendants' counsel on October 28. As with all of the "redlines" Plaintiff's counsel has sent Defendants' counsel in connection with this motion, Exhibit 3 identifies text that has been revised or added, but does not reveal whether the text was revised, added, or deleted, or how revised text has changed.

18. Suspecting that Plaintiff's counsel insisted on including the "otherwise respond to" language so that he could file a new amended complaint in response to Defendants' motion to dismiss, after having forced Defendants to incur substantial time and expense in filing that

---

[1] These are as follows: (1) *BMA LLC v. HDR Global Trading Limited, et al.*, 3:20-cv-03345-WHO (N.D. Cal.); (2) *Kanyshev v. HDR Global Trading Limited, et al.*, CGC-20-584483 (S.F. Super. Ct.); (3) *Hardy v. HDR Global Trading Limited, et al.*, CGC-20-588283 (S.F. Super. Ct.); (4) *Wilson-Chalkley v. HDR Global Trading Limited, et al.*, CGC-20-588042 (S.F. Super. Ct.); and (5) *Zdilar v. HDR Global Trading Limited, et al.*, CGC-21-590192 (S.F. Super. Ct.).

motion, Defendants offered to stipulate to the filing of the SAC if Plaintiff expressly agreed not to amend or seek to further amend his complaint in advance of a hearing on Defendants' forthcoming motion to dismiss.  Plaintiff's counsel rejected this offer.

19. On November 1, I again asked Plaintiff's counsel to file the proposed SAC either under Rule 15(a)(1) or pursuant to a stipulation that referenced his latest version of the SAC.  I then stated that if both approaches were rejected, Defendants would ask that Plaintiff agree to extend Defendants' time to respond to the FAC by 21 days, during which period Defendants would initiate Rule 11 proceedings.  I told Plaintiff's counsel that Defendants would promptly file an administrative motion seeking that enlargement of time or, in the alternative, the relief set forth in the stipulation if Plaintiff would not agree to enlarge Defendants' time.

20. Plaintiff's counsel replied to my November 1 email stating that Plaintiff would agree to the requested extension if Defendants stipulated to the filing of an errata originally sent to Defendants' counsel on October 11.

21. Plaintiff's counsel has also sent a separate email to Defendants' counsel stating that Plaintiff will be filing his own administrative motion and a motion for leave to amend.

22. In response to both of Plaintiff's counsel's latest emails, I explained why it is not appropriate for Defendants to stipulate to his filing an "errata" to a FAC that Plaintiff no longer intends to stand by, and I asked that Plaintiff promptly file his proposed SAC, as authorized by Rule 15(a)(1), which he has not done.  As I read Plaintiff's counsel's response to being advised about the relief that Defendants would be requesting here, Plaintiff's counsel does not address the issue of withdrawing his FAC, even though he has now volunteered to extend Defendants' time to respond by two weeks.  Yet that two-week timeline makes no sense in light of his announced intention to file a noticed motion for leave to amend, which I have told Plaintiff's counsel improperly seeks relief from the Court to file a SAC because no relief is needed and Plaintiff's counsel pursuant to Rule 15(a)(1) remains free to file a SAC.  Attached as **Exhibits 4 and 5** are true and correct copies of these email chains between Plaintiff's counsel and Defendants' counsel, including Plaintiff's latest draft "errata."

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed this 3rd day of November, 2021, in Tiburon, California.

                                              */s/ Stephen D. Hibbard*
                                                 Stephen D. Hibbard