# EXHIBIT 2

| | |
|---|---|
| **From:** | Hibbard, Stephen D. |
| **Sent:** | Wednesday, October 27, 2021 3:18 PM |
| **To:** | Pavel Pogodin, Ph.D., Esq.; Sanjay Prasad |
| **Cc:** | paltman@akingump.com; jro@akingump.com; mbaker@akingump.com; Douglas.Yatter@lw.com; MATT.RAWLINSON@LW.com; Iris.Xie@lw.com; Morgan.Whitworth@lw.com; Silveira, Matthew J.; Murphy, Jr., Dennis F.; Calla, Diana L. |
| **Subject:** | RE: Sorokin - Stipulation and Proposed Order re SAC.DOCX |

Sanjay and Pavel:

Defendants do not agree to the revisions to our stipulation that you proposed at the end of the day on Monday, as those revisions change the court-ordered terms that the parties were already operating under in connection with the October 7 amendment.  Plaintiff was ordered by the court to file an amended complaint by October 7, after which Defendants would have 35 days to move to dismiss and Plaintiff would have 35 days to oppose that motion to dismiss.  Plaintiff is now seeking to further amend because allegations in the October 7 first amended complaint lack evidentiary support; for example, the redlines you provided show that Plaintiff's allegations in paragraphs 58 and 59 of the first amended complaint materially misstate the nature of the contracts allegedly traded.  You do not need Defendants' consent to amend your complaint under FRCP 15(a)(1)(A) as the first amended complaint was filed less than 21 days ago.  But if you wish to proceed with Defendants' consent, Defendants are prepared to proceed on the same terms governing the parties' original stipulation, as ordered by the Court, which provides Defendants 35 days after filing of Plaintiff's complaint to move to dismiss and requires Plaintiff to oppose that motion 35 days later.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

**From:** Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io>
**Sent:** Monday, October 25, 2021 4:55 PM
**To:** Hibbard, Stephen D. <sdhibbard@jonesday.com>
**Cc:** Sanjay Prasad <prasad@appletonluff.com>; paltman@akingump.com; jro@akingump.com; mbaker@akingump.com; Douglas.Yatter@lw.com; MATT.RAWLINSON@LW.com; Iris.Xie@lw.com; Morgan.Whitworth@lw.com; Silveira, Matthew J. <msilveira@JonesDay.com>; Murphy, Jr., Dennis F. <dennismurphy@jonesday.com>; Calla, Diana L. <dcalla@jonesday.com>
**Subject:** Re: Sorokin - Stipulation and Proposed Order re SAC.DOCX

** External mail **

Counsel,

First, from now on, you are requested to refer to me as Dr. Pogodin, as I have an academic doctorate degree in science, which you are lacking.  Second, Plaintiff will agree to give Defendants until November 29, 2021, no further extension of that date will be given under any circumstances.  The revised stipulation is attached.  If acceptable, you can file the stip today and I will file the SAC immediately.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys
t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Mon, Oct 25, 2021 at 12:12 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

Messrs. Prasad and Pogodin –

This email responds in part to Mr. Pogodin's Saturday emails.  Defendants can discuss the proposed stipulation generally during our meet and confer call later today.  Accordingly, this email simply notes for the record that Mr. Pogodin's assertion that Jones Day "delayed production of documents in that case [*Kanyshev*], in blatant violation of Court Order" is false, as shown by the plain language of Judge Massullo's August 27, 2021 discovery order and her reference at the October 7, 2021 hearing to HDR's "rolling production" under that order, which Mr. Prasad acknowledged to the Court without objection.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

**From:** Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io>
**Sent:** Saturday, October 23, 2021 11:31 AM
**To:** Hibbard, Stephen D. <sdhibbard@jonesday.com>
**Cc:** Sanjay Prasad <prasad@appletonluff.com>; paltman@akingump.com; jro@akingump.com; mbaker@akingump.com; Douglas.Yatter@lw.com; MATT.RAWLINSON@LW.com; Iris.Xie@lw.com; Morgan.Whitworth@lw.com
**Subject:** Re: Sorokin - Stipulation and Proposed Order re SAC.DOCX

** External mail **

Counsel,

2

one more change to the stip, see attached.  Here are 2 alternate proposals regarding timing:

1. You respond to the Sorokin SAC by November 15.  No scheduling changes are made in Kanyshev case.

2. You respond to the Sorokin SAC by November 29 (35 days from Monday) and, by stipulation, Plaintiffs' deadline for filing FAC in the Kanyshev case will be December 8, since you delayed production of documents in that case, in blatant violation of Court Order, by 21 days and Plaintiffs need additional time due to the effect of this undue delay on the concurrent briefing in the 9th circuit.

If neither of the above proposals is acceptable, this matter is closed and parties will proceed as originally planned.  We wasted enough time on this.  Thank you.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Sat, Oct 23, 2021 at 12:10 PM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

> Counsel,
>
> the revised stipulation is attached.  If acceptable, you can file.  You never requested any expansion of time until today and are trying to sneak it in in the completely unnecessary stipulation.  This is not good faith.  We

3

can only give you until November 15 to respond to the FAC, whether amended or not.  This November 15 deadline is firm as your clients are eager to get this resolved ASAP, the changes were minor and you had plenty of time.  If this is not acceptable, please proceed with the orifical FAC.  Thank you.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Fri, Oct 22, 2021 at 9:00 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

Messrs. Prasad and Pogodin –

Mr. Pogodin's pattern of practice has demonstrated the importance of obtaining signed stipulations, so we have attached the accompanying stipulation to document plaintiff's intended further amendment.  When signature has been authorized by all parties, the stipulation will constitute defendants' consent to your filing plaintiff's Second Amended Complaint.  We note that the version of the complaint you sent today is referenced "v.2".  It does not appear to us to be the latest version that you sent to defendants on October 14.  That version was named "v.3".  The stipulation is drafted with the assumption that you actually intended to file "v.3".  If that is not your intention, then the stipulation can be revised to reflect the prior version.  Regardless, the only alteration permitted to either of these versions is to caption correctly the complaint version you intend to file as the "Second Amended Complaint."  Any other revisions will constitute a breach of your representation in the stipulation.

This is in the form of a stipulation and order because plaintiff's filing an amended complaint, even by consent, nonetheless impacts the court's prior order.   As such, the court needs to approve changes to what it has previously ordered.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide**[SM]
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***