# EXHIBIT 5

| | |
|---|---|
| **From:** | Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> |
| **Sent:** | Wednesday, November 3, 2021 12:06 PM |
| **To:** | Hibbard, Stephen D. |
| **Cc:** | Sanjay Prasad; paltman@akingump.com; jro@akingump.com; mbaker@akingump.com; Douglas.Yatter@lw.com; MATT.RAWLINSON@LW.com; Iris.Xie@lw.com; Morgan.Whitworth@lw.com; Silveira, Matthew J.; Murphy, Jr., Dennis F.; Calla, Diana L. |
| **Subject:** | Re: CORRECTED: Sorokin v. HDR et al. 1) Administrative motion for leave to file errata to the FAC to correct inadvertent errors in the complaint; and 2) A noticed motion for leave to amend pursuant to Rule 15(a)(2) to correct inadvertent errors in the … |
| **Attachments:** | BitMEX Sorokin Errata November 1 2021.pdf |

**\*\* External mail \*\***

Counsel,

Your Rule 11 position is utterly frivolous and Plaintiff intends to file a cross motion for sanctions should you make good on your ridiculous threats.  It is well established that "Rule 11 sanctions do not extend to isolated factual errors, committed in good faith, so long as the pleading as a whole remains well grounded in fact."  Kiobel v. Millson, 592 F.3d 78, 83 (2d Cir. 2010) (citations omitted).  The fact that Plaintiff promptly notified you of these isolated errors and requested your consent to file a corrective pleading demonstrates good faith.  Moreover, all your court filings and oral arguments are riddled with factual inaccuracies.  Yet furthermore, even if there was a violation (which there was not) Plaintiff's imminent filing of the administrative and noticed motions for leave to amend to correct inadvertent inaccuracies constitutes "appropriately correcting" pleading within the meaning of the Rule 11(c)(2), rendering any Rule 11 motion moot.  Thus, all your Rule 11 threats are belligerent frivolous nonsense.

Plaintiff hereby is giving Defendants 2 weeks extension to respond to the FAC and intends to imminently file administrative and noticed motions for leave to file the attached errata or corresponding amended complaint, containing only the changes listed in the attached errata.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law\*
CONSENSUS LAW
CryptoCurrency Attorneys
t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
\* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Tue, Nov 2, 2021 at 7:20 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

> Counsel –

1

You have not addressed the proposals that Defendants made yesterday morning, and Plaintiff has not sought relief from the Court.  We continue to request that Plaintiff promptly file his second amended complaint, as authorized by Rule 15(a)(1).

At the same time, however, because you have stated that Plaintiff will amend the FAC (while providing inconsistent iterations of possible amendments), there is no point in Defendants spending further time or resources addressing the FAC.  We request that Plaintiff either withdraw the FAC or stipulate that Defendants need not respond to it.  Otherwise, we intend to file an administrative motion that would relieve Defendants of the obligation to respond to the FAC.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

**From:** Hibbard, Stephen D.
**Sent:** Monday, November 1, 2021 5:53 PM
**To:** 'Pavel Pogodin, Ph.D., Esq.' <pp@consensuslaw.io>; Sanjay Prasad <prasad@appletonluff.com>
**Cc:** paltman@akingump.com; jro@akingump.com; mbaker@akingump.com; Douglas.Yatter@lw.com; MATT.RAWLINSON@LW.com; Iris.Xie@lw.com; Morgan.Whitworth@lw.com; Silveira, Matthew J. <msilveira@jonesday.com>; Murphy, Jr., Dennis F. <dennismurphy@jonesday.com>; Calla, Diana L. <dcalla@jonesday.com>
**Subject:** RE: CORRECTED: Sorokin v. HDR et al. 1) Administrative motion for leave to file errata to the FAC to correct inadvertent errors in the complaint; and 2) A noticed motion for leave to amend pursuant to Rule 15(a)(2) to correct inadvertent errors in the …

Counsel –

By choosing not to respond directly to the email Defendants sent earlier today presenting Defendants' proposal to address—by stipulation or administrative relief—Plaintiff's failure to amend the FAC, you have failed to offer any response to the key question:  "What legal basis do you have for refusing to withdraw the FAC, which you know contains false statements of material fact, when Rule 15(a)(1) authorizes you to file a second amended complaint, and when you have an ethical obligation to correct your false pleading?"

As for your alternate proposed course of action, first, your "notice of errata" is not a proper method for amending the FAC, as it would require Defendants and the Court to refer to multiple documents to assess Plaintiff's allegations.  *See Rivera v. East Bay Municipal District*, Case No. C-15-0380 SBA (N.D. Cal. August

5, 2015) (Order Striking Errata to First Amended Complaint) ("[T]o amend the allegations of the First Amended Complaint, Plaintiff must file an entirely new amended complaint, and not merely an "errata" to the First Amended Complaint") [ECF 35.]. Moreover, the proposed errata does not correct the core false statements of material fact in your FAC, as shown by the various proposed amended complaints that you have sent Defendants since October 8, 2021. For these reasons, Defendants will not stipulate to the filing of your errata and reserve their rights to seek appropriate relief if you reaffirm the false statements of material fact in the first amended complaint by filing the proffered errata.

Second, Defendants are not able to evaluate your proposed noticed motion for leave to amend, as you have not attached a proposed amended complaint to your email and the five versions of a proposed amended complaint you have sent over the past three weeks contain revisions that go far beyond "correct[ing] inadvertent errors." In any event, your proposal to notice a motion for leave to amend would ask the Court to grant relief—i.e., amending the FAC—when none is needed: you already have the right under Rule 15(a)(1) to file a second amended complaint, as shown in the authorities we have provided, and as we have repeatedly encouraged you to do. Filing such a motion will cause unnecessary delay and needlessly increase the cost of litigation. For these reasons, Defendants expect they would oppose such a motion and seek any other relief they deem appropriate after reviewing any such motion.

You have the means to obtain today the relief you seek without Defendants' consent or leave of court. Defendants ask you again to file your second amended complaint promptly to avoid further unnecessary delay and needlessly increased costs of litigation.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

**From:** Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io>
**Sent:** Monday, November 1, 2021 2:41 PM
**To:** Hibbard, Stephen D. <sdhibbard@jonesday.com>; paltman@akingump.com; jro@akingump.com; mbaker@akingump.com; Douglas.Yatter@lw.com; MATT.RAWLINSON@LW.com; Iris.Xie@lw.com; Morgan.Whitworth@lw.com; Silveira, Matthew J. <msilveira@JonesDay.com>; Murphy, Jr., Dennis F. <dennismurphy@jonesday.com>; Calla, Diana L. <dcalla@jonesday.com>
**Cc:** Sanjay Prasad <prasad@appletonluff.com>
**Subject:** Re: CORRECTED: Sorokin v. HDR et al. 1) Administrative motion for leave to file errata to the FAC to correct inadvertent errors in the complaint; and 2) A noticed motion for leave to amend pursuant to Rule 15(a)(2) to correct inadvertent errors in the ...

**\*\* External mail \*\***

Counsel,

the proposed Notice of Errata to be filed with the Court is attached.

**Per Judge Orrick's standing orders, please let us know by 6PM PDT today whether you will oppose any or all of the two motions referred to in our previous email.**

Best Regards,

**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750  f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Mon, Nov 1, 2021 at 5:13 PM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

Counsel,

Unfortunately, a good faith effort on our part to promptly appraise you of inadvertent errors in the FAC and find a way to resolve them informally was met with outright gamesmanship.

Therefore, Plaintiff intends to file shortly:

1) Administrative motion for leave to file errata to the FAC to correct inadvertent errors in the complaint; and

2) A noticed motion for leave to amend pursuant to Rule 15(a)(2) to correct inadvertent errors in the complaint.

**Per Judge Orrick's standing orders, please let us know by 6PM PDT today whether you will oppose any or all of the above two motions.**

Thank you!

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750  f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Av. Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Sanjay Prasad, Esq. (SBN 191230)
APPLETON LUFF
221 Main Street, #496
Los Altos, CA 94023
United States of America
Telephone: (650) 918-7647
Email: prasad@appletonluff.com

Attorneys for Plaintiff
Anatoly Sorokin

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Anatoly Sorokin,<br><br>Plaintiff,<br><br>v.<br><br>HDR Global Trading Limited (d/b/a BitMEX), ABS Global Trading Limited, Arthur Hayes and Samuel Reed,<br><br>Defendants. | Case No. 3:21-CV-03576-WHO<br><br>**NOTICE OF ERRATA TO THE FIRST AMENDED COMPLAINT** |

Plaintiff Anatoly Sorokin ("Plaintiff") hereby notifies the Court and the opposing counsel that the following inadvertent errors were made in the First Amended Complaint filed on October 7, 2021.[1] Plaintiff's counsel deeply apologizes for making these inadvertent mistakes:

At page 4, line 3, "California" should read "Russian Federation".

At page 4, lines 12-13, "starting on April 1, 2018 and ending on December 31, 2018 ('Relevant Period')" should read "starting on June 1, 2019 and ending on July 31, 2019 ('Relevant Period')".

At page 22, line 8, "OKEX BTC/USD Futures/Swaps" should read "OKEX BTC/USD Futures".

At page 23, line 11, "BitMEX XBT/USD Swaps" should read "BitMEX XBT/USD Futures and Swaps".

At page 23, line 11, "OKEX BTC/USD Futures/Swaps" should read "OKEX BTC/USD Futures".

At page 32, line 12, "upward" should read "downward".

At page 32, line 20, "upward" should read "downward".

At page 32, line 25, "upward" should read "downward".

At page 47, line 8, "October 23, 2018" should read "June 24, 2019".

At page 59, line 25, "October 23, 2018" should read "June 24, 2019".

At page 120, line 3, "272.62" should read "1.81027681".

At page 136, line 14-16, "SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN FRANCISCO" should read "UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION".

---

[1] Plaintiff's counsel notified Defendants' counsel of these inadvertent errors on October 11, 2021, or four days after filing of the First Amended Complaint.

| | | |
|---|---|---|
| 1 | Dated: November 1, 2021 | CONSENSUS LAW |

By: */s/ Pavel I. Pogodin*
      Pavel I. Pogodin

Counsel for Plaintiff
ANATOLY SOROKIN