| | |
|---|---|
| Stephen D. Hibbard (State Bar No. 177865)<br>sdhibbard@jonesday.com<br>Matthew J. Silveira (State Bar No. 264250)<br>msilveira@jonesday.com<br>Eric Tung (State Bar. No. 275063)<br>etung@jonesday.com<br>Dennis F. Murphy, Jr. (State Bar No. 301008)<br>dennismurphy@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: +1.415.626.3939<br>Facsimile: +1.415.875.5700<br><br>Attorneys for Defendants<br>HDR GLOBAL TRADING LIMITED and ABS GLOBAL TRADING LIMITED<br><br>Peter I. Altman (State Bar No. 285292)<br>paltman@akingump.com<br>Marshall L. Baker (State Bar No. 300987)<br>mbaker@akingump.com<br>Jessica H. Ro (State Bar No. 329737)<br>jro@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067-6022<br>Phone: (310) 229-1000<br><br>Attorneys for Defendant<br>ARTHUR HAYES | Douglas K. Yatter (State Bar No. 236089)<br>douglas.yatter@lw.com<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Phone: (212) 906-1200<br><br>Matthew Rawlinson (State Bar No. 231890)<br>matt.rawlinson@lw.com<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA<br>Phone: (650) 328-4600<br><br>Attorneys for Defendant<br>SAMUEL REED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANATOLY SOROKIN,<br><br>        Plaintiff,<br><br>       v.<br><br>HDR GLOBAL TRADING LIMITED (d/b/a BitMEX); ABS GLOBAL TRADING LIMITED; ARTHUR HAYES; and SAMUEL REED,<br><br>        Defendants. | Case No. 3:21-cv-03576-WHO<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:         March 2, 2022<br>Time:        2:00 p.m.<br>Judge:       Hon. William H. Orrick<br>Courtroom:  2<br><br>Complaint Filed:  May 12, 2021<br>SAC Filed:        November 11, 2021 |

Pursuant to Federal Rule of Evidence 201, Defendants respectfully request that the Court, in considering Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), take judicial notice of (1) the BitMEX Terms of Service in effect during the "Relevant Period" of June 1, 2019, through July 31, 2019 (SAC ¶ 7), and (2) the order sustaining the demurrer to the third amended complaint in *Kanyshev v. HDR Global Trading Limited*, No. CGC-20-584483 (S.F. Super. Ct. Aug. 27, 2021). These documents are attached as Exhibits A and B, respectively, to the accompanying Declaration of Stephen D. Hibbard.

Federal Rule of Evidence 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201). Under this rule, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Id.* (quotation marks and citation omitted). Documents on file in federal or state courts are "undisputed matters of public record" of which a court may take notice. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (citations omitted). Information displayed on a publicly accessible website whose accuracy and authenticity are not subject to dispute is also properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). Additionally, a document is incorporated into the complaint where the complaint necessarily relies on the document, *i.e.*, the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *Khoja*, 899 F.3d at 1002 (quotation marks and citation omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.").

**Exhibit A.** All of Plaintiff's claims arise out of and relate to his use of his BitMEX trading account, and the SAC refers repeatedly to the BitMEX Terms of Service. *See, e.g.*, SAC ¶¶ 86, 136, 186, 316. However, the version of the Terms of Service attached by Plaintiff to the SAC is not the version that was in effect during the Relevant Period alleged in the SAC. To

ensure a complete and accurate record, Defendants request judicial notice of Exhibit A – the BitMEX Terms of Service in effect during the Relevant Period, as captured by the Internet Archive's Wayback Machine on June 28, 2019.

Exhibit A is properly subject to judicial notice because it was obtained through the Wayback Machine, which courts recognize as a repository for documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (2017) (quoting Fed. R. Evid. 201); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (granting judicial notice of exhibit obtained using Wayback Machine); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (quotation marks and citation omitted) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  Further, the SAC's extensive discussions of the text of the Terms of Service and Defendants' provision of services under the Terms, *e.g.*, SAC ¶¶ 137-38, 187-88, 286, 291, 298, 326, 339, 348, 373, 381, 395, 405, 410, 416, 426, permits this Court to take judicial notice of the Terms or consider them incorporated by reference into the SAC. *See Yoon v. Lululemon USA, Inc.*, – F. Supp. 3d –, 2021 WL 3615907, at *3 (C.D. Cal. July 15, 2021) (granting judicial notice of website screenshots captured by the Wayback Machine because plaintiff's complaint "extensively discusse[d]" the website); *Khoja*, 899 F.3d at 1002 (affirming district court's incorporation of a blog post identified and quoted at length once in plaintiff's complaint).

**Exhibit B.**  The *Kanyshev* lawsuit pending in the Superior Court of California in the County of San Francisco was filed by Plaintiff's counsel and alleges the same core theories of wrongdoing against a subset of Defendants in this action.  Because judicial orders in that case, which asserts the same core factual and legal theories at issue here, constitute precedents that the Court may consider for their persuasive value, Defendants request judicial notice of Exhibit B – the August 27, 2021 court order sustaining the *Kanyshev* defendants' demurrer to the third amended complaint.

Exhibit B, as a document on file in a state court, is properly subject to judicial notice

2

Defs.' Req. for Jud. Notice
3:21-cv-03576-WHO

under Federal Rule of Evidence 201(b). *Protégé Restaurant Partners LLC v. Sentinel Ins. Co., Ltd.*, 517 F. Supp. 3d 981, 986 n.1 (N.D. Cal. 2021) (citing *Harris*, 682 F.3d at 1132). A court may take notice of a court order without noticing reasonably disputed facts within the proffered document. *Selane Prods., Inc. v. Cont. Cas. Co.*, — F. Supp. 3d —, 2020 WL 7253378, at *3 (C.D. Cal. Nov. 24, 2020) (citing *Lee*, 250 F.3d at 688-89). And judicial notice of "various filings" in a state court action is particularly appropriate where, as here, the "essence" of the state court complaint is "central" to the arguments in district court. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A and B to the accompanying Hibbard Declaration.

DATED: December 17, 2021

Respectfully submitted,

JONES DAY

By: /s/ Stephen D. Hibbard
        Stephen D. Hibbard

Counsel for Defendants
HDR GLOBAL TRADING LIMITED and
ABS GLOBAL TRADING LIMITED

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Peter I. Altman
        Peter I. Altman

Counsel for Defendant
ARTHUR HAYES

LATHAM & WATKINS LLP

By: /s/ *Douglas K. Yatter*
  Douglas K. Yatter
  Matthew Rawlinson

Counsel for Defendant
SAMUEL REED

1   I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file
2   this DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
3   DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT.  In compliance with Civil L.R.
4   5-1(h)(3), I hereby attest that all signatories concur in this filing.
5   DATED:  December 17, 2021

*/s/ Stephen D. Hibbard*
STEPHEN D. HIBBARD